## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DYRONNET KADOR**                                          CIVIL ACTION

**VERSUS**                                                  NO. 23-11-SDD-RLB

**SIDNEY J. GAUTREAUX, III, ET AL.**

### CONSOLIDATED WITH

**TRINELLE WILLIS, ET AL.**                                 CIVIL ACTION

**VERSUS**                                                  NO. 23-50-SDD-RLB

**SID GAUTREAUX, ET AL.**

                                                            **THIS ORDER PERTAINS
                                                            TO ALL CASES**

### ORDER

Before the Court is the Moving Defendants' Motion to Stay Discovery. (R. Doc. 35). This motion seeks a stay of discovery in light of qualified immunity defenses raised in both of the consolidated actions. The motion is opposed. (R. Doc. 48).

I.      **Background**

These consolidated actions allege, among other things, that Deputy Eno Guillot, while conducting an apartment search with other law enforcement officers of the East Baton Rouge Parish Sheriff's Office or Baton Rouge Police Department, wrongfully shot and killed Deaughn Willis ("Decedent") on the afternoon of January 8, 2022 while searching for his twin brother Keaughn Willis.

On January 6, 2023, Dyronnet Kador, on behalf of her minor child D.W. ("Plaintiff Kador") against Sheriff Sid Gautreaux, Chief Murphy J. Paul, Mayor-President Sharon Weston Broome, the City of Baton Rouge and Parish of East Baton Rouge (the "City-Parish"), Deputy

Guillot, American Alternative Insurance Corporation, various fictitious deputies and officers, and a fictitious insurance company. (R. Doc. 1). The Complaint seeks recovery under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and Louisiana law. Among other things, Plaintiff Kador asserts claims for unreasonable seizure, excessive force, failure to render medical care, inadequate screening and negligent hiring, and failure to train, supervise, and discipline.

On January 27, 2023, the defendants removed another action originally filed in state court by Trinelle Willis and Leonard Wilson, individually and on behalf of their minor children, S.W. and J.W., ("Plaintiffs Willis/Wilson") against Sheriff Gautreaux, the City-Parish, Chief Paul, Deputy Guillot, and various fictitious deputies and officers. *See Willis v. Gautreaux*, No. 23-50-SDD-RLB, ECF No. 1. Plaintiffs Willis/Wilson assert federal and state law claims regarding the shooting of Decedent, the search of the apartment, and their arrests by the officers.

These actions were consolidated on February 9, 2023. (R. Doc. 7).

On March 10, 2023, the defendants moved to dismiss the action filed by Plaintiff Kador (R. Doc. 22) and moved to dismiss the action filed by Plaintiffs Willis/Wilson (R. Doc. 23). The defendants argue that Deputy Guillot is entitled to qualified immunity on Plaintiff Kador's claims under 42 U.S.C. § 1983 and the Louisiana Constitution. (R. Doc. 22-1 at 5-14; 30-31). The defendants similarly argue that Deputy Guillot is entitled to qualified immunity on Plaintiffs Willis/Wilson's claims under 42 U.S.C. § 1953 and the Louisiana Constitution. (R. Doc. 23-1 at 17-18, 21-22). These Motions to Dismiss remain pending before the district judge.

On April 17, 2023, Sheriff Gautreaux, Deputy Guillot, and American Alternative Insurance Corporation (collectively, "Moving Defendants") filed the instant Motion to Stay Discovery. (R. Doc. 35). The Moving Defendants seek a stay of discovery in both of these

consolidated actions in light of the assertions of qualified immunity in the pending Motions to Dismiss.

In opposition, Plaintiff Kador argues that the Court should not issue a stay of discovery with respect to (1) the official capacity claims raised against Sheriff Gautreaux, (2) the individual capacity claims against Deputy Guillot (given his alleged mischaracterization of the allegations in the pleadings with respect to whether the Decedent was armed), (3) the remaining claims against Chief Paul, the City-Parish, and Mayor-Present Weston Broome, and (4) the remaining state law claims. (R. Doc. 48).

Plaintiffs Willis/Wilson did not file a timely opposition. LR 7(f).[1]

## II.    Law and Analysis

### A.    Legal Standards

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc,* 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garret,* 571 F.2d 302, 3026 (5th Cir. 1990) (citation omitted).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court

---

[1] Plaintiffs Willis/Wilson sought and obtained an extension of their deadline to oppose the defendants' motions to dismiss. (R. Doc. 39, 40). Plaintiffs Willis/Wilson did not, however, seek and obtain any extension of their deadline to oppose the instant Motion to Stay.

has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Id.* at 310-314. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id.*

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 54 F.4th at 313 (quoting *Iqbal*, 556 U.S. at 686).

Consistent with *Carswell*, the undersigned has stayed all discovery where a defendant has alleged qualified immunity and there was no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing the defendants who have raised the defense of qualified immunity. *See Miller v. LeBlanc*, No. 21-353-BAJ-RLB, 2022 WL 17490971 (M.D. La. Dec. 7, 2022); *Henderson v. Bd. of Supervisors,* No. 21-297-JWD-RLB, 2022 WL 2654978 (M.D. La. July 8, 2022); *Cavalier v. La Dept. of Pub. Safety & Corrections, et al*., No. 21-656-JWD-RLB, 2022 WL 3456533 (M.D. La. Aug. 17, 2022).[2]

### B.    Analysis

Having reviewed the record and the applicable law, the Court finds it appropriate to stay all discovery in these consolidated actions until resolution of the pending Motions to Dismiss.

The *Carswell* decision forecloses any discovery involving Deputy Guillot while his qualified immunity defenses remains pending. In opposing a stay, Plaintiff Kador argues that the

---

[2] The *Henderson* and *Cavalier* decisions relied on the now-withdrawn version of the *Carswell* opinion. *See Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022), *opinion withdrawn and superseded on denial of reh'g,* 54 F.4th 307 (5th Cir. 2022). In support of their motion, the Moving Defendants also cite and quote the now-withdrawn version of the *Carswell* opinion. (R. Doc. 35-1 at 3).

defendants mischaracterize her allegations as conceding that the Decedent was armed at the time

of the shooting. (R. Doc. 48 at 2). To be clear, in support of a finding of qualified immunity, the

defendants specifically assert that Deputy Guillot acted reasonably given that "Plaintiff

acknowledges [Decedent] was armed when he opened the apartment door." (R. Doc. 22-1 at 29).

Notably, however, the defendants argue earlier in the motion that Plaintiff Kador merely left

open the possibility that Decedent "was armed" by not specifically alleging that Decedent was

"unarmed." (R. Doc. 22-1 at 10). While these assertions appear inconsistent, the merits of

Deputy Guillot's qualified immunity defense is not before the undersigned. Given the assertion

of the qualified immunity defense, the Court must stay all discovery with respect to Deputy

Guillot, including discovery pertaining to claims to which the qualified immunity defense does

not apply, because such discovery would present an undue burden to Deputy Guillot. *Carswell*,

54 F.4th at 313-314.

Furthermore, the Court finds no plausible manner in which discovery could proceed

against the remaining defendants without implicating, and unduly burdening, Deputy Guillot.

Plaintiff Kador merely offers that the remaining claims against Deputy Guillot, and all claims

brought against the remaining defendants, are not subject to a defense of qualified immunity. (R.

Doc. 48 at 3-5).[3] Plaintiff Kador does not explain how discovery with respect to the remaining

defendants would not implicate, and unduly burden, Deputy Guillot. The underlying factual

allegations are so intertwined that allowing discovery to proceed against any of the other

---

[3] The Court notes that the instant Motion to Stay asserts that Sheriff Gautreaux has raised a defense of qualified immunity. (R. Doc. 35-1 at 2). It appears, however, that the only assertions of qualified immunity in the pending Motions to Dismiss pertain to the claims raised against Deputy Guillot. To the extent he is sued in his official capacity, Sheriff Gautreaux is not entitled to a defense of qualified immunity. *See Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 501 (M.D. La. 2013) ("Although Sheriff Gautreaux raises the defense of qualified immunity, that defense is unavailable to him because the plaintiffs' claims are brought against him only in his official capacity. Qualified immunity is not available when an official is sued in his official capacity.") (citing *Harvey v. Blake*, 913 F.2d 226 (5th Cir. 1990)).

defendants would inherently, and inappropriately, require Deputy Guillot to participate in the discovery process. *Iqbal*, 556 U.S. at 68-65. ("Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."). The Court finds no plausible manner in which bifurcated discovery could proceed with respect to the other defendants without implicating, and unduly burdening, Deputy Guillot.

Given the allegations in this action, as well as the Fifth Circuit's directives in *Carswell*, the Court finds it appropriate to stay all discovery in this action until resolution of the pending Motions to Dismiss. Even if such discovery is not completely foreclosed by *Carswell*, the Court finds good cause pursuant to Rule 26(c) to stay all discovery given the undue burden that such discovery would impose on Deputy Guillot while his qualified immunity defenses are pending.

## III.    Conclusion

**IT IS ORDERED** that the Moving Defendants' Motion to Stay Discovery (R. Doc. 35) is **GRANTED**, and discovery in all consolidated matters is **STAYED** until further order of the Court.

**IT IS FURTHER ORDERED** that the telephone scheduling conference set for June 1, 2023, and all associated deadlines, are cancelled. (*See* R. Doc. 42). The parties shall contact the undersigned after the resolution of the Motions to Dismiss (R. Docs. 22, 23) for the issuance of a new scheduling conference order.

Signed in Baton Rouge, Louisiana, on April 26, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**