UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DYRONNET KADOR O/B/O<br>HER MINOR CHILD,<br>DYAUGHNA WILLIS | CIVIL ACTION |
| VERSUS | |
| SIDNEY J. GAUTREAUX, III, ET AL. | 23-cv-11-SDD-RLB |

CONSOLIDATED WITH

| | |
|---|---|
| TRINELLE WILLIS, ET AL. | CIVIL ACTION |
| VERSUS | |
| SID GAUTREAUX, ET AL. | 23-cv-50-SDD-RLB |

THIS ORDER PERTAINS TO 23-cv-50-SDD-RLB

## ORDER

Before the Court is a Motion for Leave to Amend (the "Motion") filed by Trinelle Willis and Leonard Wilson, individually and on behalf of their minor children (collectively, "Plaintiffs"). (R. Doc. 92). This is Plaintiffs' second request for such relief. The Motion is opposed by Deputy Eno Guillot ("Deputy Guillot") and Sheriff Sidney J. Gautreaux, III, ("Sheriff Gautreaux"), individually and in his capacity as Sheriff of East Baton Rouge Parish (collectively, "Defendants"). (R. Doc. 94).

**I.     Background**

On December 16, 2022, Plaintiffs filed an action in the 19th J.D.C. against the City of Baton Rouge and Parish of East Baton Rouge (the "City-Parish"), Sheriff Gautreaux, Chief Murphy J. Paul, Deputy Guillot, and many fictitious deputies and officers. *See Willis v. Gautreaux*, No. 23-50-SDD-RLB, ECF No. 1-6. Plaintiffs allege, among other things, that Deputy Guillot wrongfully shot and killed Deaughn Willis ("Decedent"), on January 8, 2022, while searching for Decedent's twin brother

1

with other City-Parish officers. *See Willis v. Gautreaux*, No. 23-50-SDD-RLB, ECF No. 1-6. The case was removed to this Court on January 27, 2023, and on February 9, 2023, Plaintiffs' case was consolidated with *Kador v. Sheriff Sidney J. Gautreaux, III, et al.,* No. 23-11-SDD-RLB. *See Willis v. Gautreaux*, No. 23-50-SDD-RLB, ECF No. 1; (R. Doc. 7).

On March 10, 2023, Defendants filed a motion to dismiss (the "First Motion to Dismiss"). (R. Doc. 23). Plaintiffs opposed the motion. (R. Doc. 49). After the motion was fully briefed and pending before the district judge, and nearly a year later, Plaintiffs sought leave to file an amended complaint, seeking to add "allegations and amended claims relate[d] to the negligence, assault and battery, false arrest, negligent infliction of emotional distress, intentional infliction of emotional distress, abuse of process, [and] failure to intervene, and to expand on the excessive force suffered by" Plaintiffs. (R. Doc. 71). As a result of the Motion for Leave to Amend Complaint, the district judge dismissed the First Motion to Dismiss without prejudice. (R. Doc. 72). On April 23, 2024, Plaintiffs' first Motion for Leave to Amend Complaint was granted. (R. Docs. 75; 76).

On or about May 15, 2024, Defendants filed a second motion dismiss which Plaintiffs timely opposed. Approximately two weeks after it filed its opposition, Plaintiff again filed a motion to amend the complaint. (R. Doc. 92). Defendants argue the Motion should be denied as Plaintiffs have not cured "deficiencies to which they were alerted by [the First Motion to Dismiss.]" (R. Doc. 94 at 5). In addition, Defendants argue that the Court should "prevent [Plaintiffs] from reviving [any] abandoned or dismissed claims." (R. Doc. 94 at 5).

## II.    Law and Analysis

Under Fed. R. Civ. P. 15, after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond*

*& Gem Trading U.S.A. Co.*, 195 F. 3d 765, 770 (5th Cir. 1999) (citation omitted). The Court may consider several factors when determining whether to grant leave, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *See Rhodes v. Amarillo Hosp. Dist.*, 654 F. 2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Before Plaintiffs filed this Motion, it had been more than two years since the alleged incident occurred and more than one and a half years since this lawsuit was filed. *See Willis v. Gautreaux*, No. 23-50-SDD-RLB, ECF No. 1-6; (R. Doc. 92). Plaintiffs have already been granted leave to amend the complaint after the defendants incurred the time and expense in briefing its first motion to dismiss challenging the sufficiency of plaintiffs allegations. After being given an opportunity to revise its allegations, Defendants have once again filed a motion to dismiss, and that motion is fully briefed.

In exercising its discretion in deciding whether to allow leave to amend a court should consider a plaintiff's "undue delay [and] repeated failure to cure deficiencies by previous amendments[.]" *BRFHH Shreveport, L.L.C. v. Willis-Knighton Med. Ctr.,* No. CV 15-2057, 2020 WL 1068238, at *1 (W.D. La. Jan. 23, 2020) (citations omitted). "Consistent with the purposes of [Fed. R. Civ. P.] 15(a), courts should also 'consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation.'" *Id.* (citing *Chitimacha Tribe of La. v. Harry L. Laws Co.,* 690 F. 2d 1157, 1163 (5th Cir. 1982)). Plaintiff waited over a year to seek his first amendment, and now seeks another amendment after Defendants have once again challenged the sufficiency of his pleadings. Plaintiff has offered no explanation for these delays.

3

The Motion to Dismiss is pending before the district judge. The district judge can determine whether the pleadings are sufficient, and if not, whether Plaintiff should be allowed yet another opportunity to cure any defects or revive any abandoned claims. The First Amended Complaint (R. Doc. 76) remains the operative pleading unless otherwise ordered by the Court.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion (R. Doc. 92) is **DENIED.**

Signed in Baton Rouge, Louisiana, on October 3, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**