UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DYRONNET KADOR O/B/O HER MINOR CHILD, DYAUGNHA WILLIS | CIVIL ACTION |
| versus | |
| SHERIFF SIDNEY J. GAUTREAUX, III, ET AL. | 23-cv-11-SDD-RLB |

**CONSOLIDATED WITH**

| | |
|---|---|
| TRINELLE WILLIS, ET AL. | CIVIL ACTION |
| versus | |
| SID GAUTREAUX, ET AL. | 23-cv-50-SDD-RLB |

## RULING

This matter is before the Court on the Motion to Stay Civil Proceedings[1] filed by Sheriff Sidney J. Gautreaux, III, in his official capacity as Sheriff of East Baton Rouge Parish, and Deputy Eno Guillot, in his individual capacity (collectively, "Defendants"). Plaintiffs in the consolidated cases have opposed this motion,[2] to which Defendants filed a reply.[3] For the following reasons, the Court finds that Defendants' Motion should be granted.

### I. FACTUAL & PROCEDURAL BACKGROUND

The facts of this case have been discussed extensively in the Court's Rulings on Defendants' Motions to Dismiss, each of which the Court granted in part and denied in

---

[1] Rec. Doc. 105.
[2] Rec. Doc. 108.
[3] Rec. Doc. 113.

part.[4]  The Court will summarize the relevant facts for purposes of this Motion.

On January 8, 2022, five law enforcement officers arrived at Deaughn ("Deaughn") Willis's residence in Baton Rouge, searching for Deaughn's twin brother Keaughn Willis.[1] Deaughn, his mother Trinelle Willis ("Willis"), her husband Leanord Wilson, and two minor children were inside the residence.[2] The officers allegedly knocked on the door and the occupants of the home repeatedly asked who was at the door.[3] The officers did not identify themselves and did not have a warrant to arrest or search the residence.[4] Deaughn opened the door and then immediately closed it, but he was shot by Deputy Eno Guillot.[5] Willis, a licensed nurse, began rendering aid to her son but was told to leave the home with her hands up.[6] Willis alleges Deaughn did not receive medical attention after she was escorted off the premises.[7] Deaughn's wounds were fatal, and Plaintiffs sued Defendants under 42 U.S.C. § 1983.[8]

Defendants move to stay these consolidated proceedings because Deputy Guillot is now under criminal investigation by the East Baton Rouge District Attorney for his conduct during the incident that forms the basis of these lawsuits.[5]  Defendants substantiate this fact with the affidavit of First Assistant District Attorney ("DA") Tracey Barbera.[6] Defendants claim Deputy Guillot's Fifth Amendment right against self-incrimination will be violated by discovery in these matters;[7] additionally, Deputy Guillot states that he will invoke his Fifth Amendment rights if he is deposed.[8]

Plaintiffs oppose this motion, arguing that Deputy Guillot has not been indicted and

---

[4] Rec. Docs. 70, 96.
[5] Rec. Doc. 105-1, p. 4.
[6] Rec. Doc. 109-1.
[7] Rec. Doc. 105-1, p. 4.
[8] Rec. Doc. 109-1, p. 4.

the degree of overlap between these civil cases and any potential criminal case cannot be determined.[9] Plaintiffs argue any alleged criminal investigation may not lead to an indictment; thus, an indefinite stay "would unduly prejudice the Plaintiffs' ability to prosecute their claims and obtain justice."[10]

## II. LAW & ANALYSIS

### A. Applicable Legal Standard in Ordering a Stay

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."[11] The Court must consider the following six factors in determining whether a civil action should be stayed due to related criminal proceedings: "(1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest."[12]

#### 1. Extent of Overlap

Absent an indictment, courts generally cannot determine with certainty the extent of overlap between a civil action and criminal investigation,[13] but it is possible for courts

---

[9] Rec Docs. 107, p. 6; 108.
[10] Rec. Doc. 108.
[11] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted).
[12] *Villani v. Devol*, No. 15-852-JWD-EWD, 2016 WL 1383498, at *3 (M.D. La. April 7, 2016) (quoting *Atkins v. Southeast Comm. Hosp. Sys.,* No. 11-47-DLD, 2012 WL 370218 (M.D. La. Feb. 3, 2012).
[13] *U.S. ex. Rel. Gonzalez v. Fresenius Medical Care North America*, 571 F. Supp 2d 758, 762 (W.D. Tex. 2008) (quoting *AmeriFirst Funding, Inc.,* No. 3:07-CV-1188-D, 2008 WL 866064, at *2-3 (N.D. Tex. Mar. 17, 2008) ("Where 'no indictment has as yet been handed up against [the defendant], the court cannot determine with certainty the degree of overlap between [the civil] action and the criminal investigation.'").

to assume a degree of overlap.[14] In *United States v. Schaeffer*, the court found overlap absent an indictment when counsel attested via affidavit to representations of the trial attorney for the U.S. Department of Justice confirming "the existence of a criminal investigation and establish[ing] that the allegations raised in the criminal investigation were the same as those asserted in the civil litigation."[15] Conversely, in *Brown v. Baton Rouge Police Dep't* ("BRPD"), this Court considered a similar situation where a stay was requested before an indictment. This Court denied the stay and found insufficient overlap, distinguishing the case from *Shaeffer* because the parties did not agree on the scope of the alleged investigation of the Baton Rouge Police Department ("BRPD") and because there was no support from the government confirming an investigation or any overlap.[16]

This case is similar to *Shaeffer* because here, Defendants have substantiated by the affidavit of DA Barbera the existence of a criminal investigation into Deputy Guillot's actions.[17] While the Parties may not agree on the extent of a criminal investigation, the Court finds that DA Barbera's affidavit is evidence that a criminal investigation is underway and it involves the exact same incident that underlies the civil cases before this Court.[18] DA Barbera attests that the criminal investigation arises from the shooting of Deaughn Willis by Deputy Eno Guillot.[19] Although Deputy Guillot has not been indicted, the Court finds that the extent of overlap here is great. Accordingly, this factor weighs in favor of a stay.

---

[14] *Gonzalez*, 571 F. Supp. 2d, at 762 (quoting *United States ex. Rel. Shank v. Lewis Enters.,* No. 04-CV-4105-JPG, 2006 WL 1064072, at *4 (S.D. Ill. April 21, 2006)).
[15] *Brown v. Baton Rouge Police Dep't,* No. 23-1313-JWD-EWD, 2024 WL 472338, at *3 (M.D. La. Feb. 7, 2024) (citing *United States ex. Rel. Bruno v. Schaeffer,* No. 16-1-BAJ-RLB, 2020 WL 1978365 (M.D. La. April 23, 2020)).
[16] *Id*. at *3.
[17] Rec Doc. 109-1.
[18] *Id*.
[19] Rec. Doc. 109-1, p. 1; *see also* Rec. Doc. 97.

## 2. Status of the Case

"Courts generally decline to impose a stay where the defendant is under criminal investigation but has yet to be indicted."[20] However, in some cases, courts may consider a stay absent an indictment.[21] In determining whether an investigation merits a stay, courts often consider whether the investigation is active.[22] DA Barbera's affidavit informs that the "shooting death of Deaughn Willis remains under review by the East Baton Rouge District Attorney's Office," and the District Attorney "intends to present the shooting…to a grand jury for consideration."[23] The DA's intent to submit this matter to a grand jury satisfies the Court that the current investigation is active, and an indictment may be forthcoming.

Given the alleged overlap between the civil proceedings and the criminal investigation of Deputy Guillot, the Court has serious concern about the ability of the litigation to progress effectively should Deputy Guillot assert his right under the Fifth Amendment, which he has indicated he will. The Court is likewise sensitive to the concerns expressed in *Waste Management* regarding forcing subjects of a criminal investigation "to choose between their civil discovery obligations and their ability to assert their Fifth Amendment privilege against self-incrimination."[24] Accordingly, this factor weighs in favor of granting a stay, even absent an indictment.[25]

---

[20] *Alcala v. Texas Webb County*, 625 F. Supp. 2d 391, 401 (S.D. Tex. 2009) (citing *In re. CFS-Related Securities Fraud Litigation,* 256 F. Supp. 2d 1227, 1237 (N.D. Okla. 2003)).
[21] *Waste Management of Louisiana, LLC v. River Birch, Inc.,* No. 11-2405, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012) ("Even where there are not yet criminal charges filed, 'this fact does not militate against the granting of a stay of discovery.'") (quoting *Securities and Exchange Comm'n v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072 (Tex. N.D. April 9, 2008)).
[22] *Schaeffer,* 2020 WL 1978365, at *2.
[23] Rec. Doc 109-1, p. 1.
[24] *Waste Management*, 2012 WL 520660, at *5.
[25] *See Schaeffer,* 2020 WL 1978365, at *2 ("Despite there not yet being an indictment in the criminal proceedings, the court still finds this factor to weigh in favor of granting a stay. . . there is some indication

### 3. Plaintiffs' Interests

Undoubtedly, Plaintiffs have an interest in an expedient resolution of their case, which has been pending for nearly two and a half years.[26] In *Gonzalez v. Fresenius Medical*, the court denied a stay, noting that even if an indictment were to occur "tomorrow," resolution of the case could take months.[27] The Court is mindful that granting a stay and lengthening litigation could not only have the "extremely harsh consequence" of depriving Plaintiffs of property for an extended time,[28] but it may also jeopardize the effectiveness of their litigation. Extended time may compromise the memories of witnesses and may lead to a loss of evidence, and thus a less effective trial.[29] Plaintiffs' case has been pending for over two years,[30] and further delay of discovery may impede their ability to properly litigate these cases.

Nevertheless, even if the Court denied a stay, Plaintiffs would likely meet the same obstacle in discovery because Louisiana Revised Statute § 44:3 plausibly applies to the evidence Plaintiffs seek.[31] In *Knight v. City of Baton Rouge*, this Court quashed a subpoena for evidence under La. R.S. § 44:3 when the defendant presented a letter from the First Assistant District Attorney which stated that an officer shooting was under investigation, and that this investigation may be presented to a grand jury.[32] The Court

---

that the criminal investigation remains active."); *See also Modern American Recycling Services, Inc. v. Dunavant*, No. 10-3153, 2012 WL 1357720, at *3 (E.D. La. April 19, 2012) (finding that the status of the case weighed against a *Motion to Stay*, noting that Defendant did not provide support that an indictment was active or imminent, such as by providing a "target letter from any official source.").

[26] Rec. Doc. 107, p. 10; *Breaud v. Cantrell,* No. 24-1865, 2024 WL 4503252, at *8 (E.D. La. Oct. 16, 2024); *Brown,* 2024 WL 472338, at *3.

[27] *Gonzalez*, 571 F. Supp. 2d, at 763.

[28] *In re Ramu Corp.,* 903 F.2d 312, 320 (5th Cir. 1990) (citing *U.S. v. One Parcel of Real Estate at 1303 Whitehead St.,* 729 F. Supp. 98, 100 (S.D. Fla. 1990)).

[29] *Gonzalez*, 571 F. Supp 2d, at 765; *Breaud*, 2024 WL 4503252, at *8.

[30] Rec. Doc. 107, p. 10.

[31] *See generally Knight v. City of Baton Rouge,* No. 18-1010-SDD-RLB, 2019 WL 4723080 (La. M.D. Sept. 26, 2019); Louisiana Revised Statute § 44:3.

[32] *Knight,* 2019 WL 4723080, at *4.

also granted a motion to stay further discovery based upon the District Attorney office's support.[33] Regarding Deputy Guillot, Defendants herein have provided essentially the same support as in *Knight*, by providing DA Barbera's affidavit which confirms the investigation and intent to present the matter to a grand jury.[34] While the Court is not dismissive of the Plaintiffs' significant interest in the prosecution of these consolidated civil cases, the Court finds that Plaintiffs' discovery efforts are highly likely to be impaired under La. R.S. § 44:3. Accordingly, the Court finds this factor neutral.

    4. <u>Defendants' Interests</u>

"A party asserting prejudice to his Fifth Amendment rights must demonstrate 'more than the mere possibility of prejudice.'"[35] Deputy Guillot maintains his interest in protecting himself against self-incrimination weighs in favor of a stay,[36] but "it is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their salience in [a civil case] and their Fifth Amendment privilege."[37] However, given the facts discussed above, the Court is inclined to follow *Waste Management* regarding the effect on Deputy Guillot should the stay be denied. There, the court noted that the "individual defendants ... would be forced to choose between their civil discovery obligations and their ability to assert their Fifth Amendment privilege against self-incrimination," and that the "entity defendants, meanwhile, would likely be unable to fulfill their civil discovery obligations without the benefit of the testimony of [the individual defendants] and other witnesses likely to invoke their Fifth Amendment rights."[38] The same potential issues are

---

[33] *Id*.
[34] Rec. Doc. 109-1.
[35] *Gonzalez*, 571 F. Supp. 2d, at 754 (quoting *In re Ramu Corp.,* 903 F.2d, at 320).
[36] Rec. Doc. 105-1, p. 4.
[37] *Gonzalez*, 571 F. Supp 2d 758, 764 (quoting *United States ex rel. Shank v. Lewis Enters.*, 2006 WL 1064072, at *4).
[38] *Waste Management*, 2012 WL 520660 at *5.

present in this litigation such that the Court finds this factor to also weigh in favor of granting the stay.

### 5. Court's Interests

"The Court has interests in judicial economy and expediency,"[39] and granting a stay serves those interests because "conducting the criminal proceedings first advances the judicial economy."[40] Here, for the same reasons noted above, the Court is unpersuaded that denying the stay would serve those ends. Rather, the Court finds that the likely outcome would result in a piecemeal discovery process frustrated by the assertion of Fifth Amendment rights, thereby increasing the judicial resources to be expended in the long term. Accordingly, this factor weighs in favor of granting the stay.

### 6. Public Interest

Based on the anticipated presentation of this matter to a grand jury, the Court finds that the public interest is best served by a limited stay of the civil proceedings. This is not a straightforward consideration. Defendant contends the public has an interest in the integrity of criminal cases.[41] However, the public also has an interest in "prompt resolution of civil cases and prosecution of criminal cases."[42] As the court noted in *Securities and Exchange Comm'n. v. First Financial*, the Supreme Court has found that "prompt investigation and enforcement" may be in the public's interest.[43] Deferring a civil

---

[39] *Doe v. Morris*, No. 11–1532, 2012 U.S. Dist. LEXIS 12454, at *6 (E.D.La. Feb. 2, 2012)(citing *Alcala*, 625 F.Supp.2d at 407)).
[40] *SEC v. Offill*, No. 07–1643, 2008 WL 958072, at *3 (N.D.Tex. Apr.9, 2008).
[41] Rec. Doc. 105-1, p. 5.
[42] *Gonzalez*, 571 F. Supp. 2d, at 765 (citing *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1242 (N.D. Ok. 2003).
[43] *Securities and Exchange Comm'n v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 667 (5th Cir. 1981) (citing *Standard Sanitary Manufacturing Co. v. United States,* 226 U.S. 20, 51 (1912)); *United States v. Kordel*, 397 U.S. 1, 11 (1970).

proceeding may "jeopardize" that interest.[44] Nevertheless, allowing the civil proceeding to continue when discovery is likely hindered by public records law would also impact the efficiency of the civil cases, as both sides would likely be forced to dispute numerous discovery requests. There are likely to be repeated discovery disputes as the criminal investigation proceeds, so this factor weighs in favor of a stay.

### B.     Scope of Stay

"The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of the litigation, which includes authority to control the scope and pace of discovery."[45] The Court concludes that the best course of action under the facts of this case is to grant a complete stay rather than allow a staged discovery plan because the Court is persuaded that staged discovery would likely result in subsequent duplicative discovery.

However, the Court will not permit these civil proceedings to lie stagnant. Defendants are hereby ordered to file a Status Report with the Court, on or before February 18, 2026, advising the Court of the status of the District Attorney's criminal investigation into Deputy Guillot's conduct.

---

[44] *Securities and Exchange,* 659 F.2d, at 667.
[45] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir.1990).

## III. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Stay Civil Proceedings[46] is GRANTED. Defendants are hereby ordered to file a Status Report with the Court, on or before February 18, 2026, advising the Court of the status of the District Attorney's criminal investigation into Deputy Guillot's conduct.

Baton Rouge, Louisiana the 8th day of December, 2025.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[46] Rec. Doc. 105.